DELOS W. MATTESON, Respondent, *v.* BENJAMIN R. GILLETT and Another, Appellants.

*Principal and agent — correspondence by letter — what does not create authority to employ a third person.*

Upon the trial of an action brought to recover under a contract of employment it appeared that the contract was made with the plaintiff by one Hopkins, who, it was alleged, was the agent of the defendants. To prove the authority of Hopkins to act as the agent of defendants, a letter of the defendants to him was produced, which contained the following clause: "If you can come and run the factory for us this season write us what you want a month, commencing April 25th. Six months, we board you and do your washing, and if you can't come what you can get a man for. * * * If you find a man for us have *him* write to us what he wants per month for six months."

In reply to this letter Hopkins wrote to the defendants: "I will come out and run the factory for you or furnish a man, with board and washing, for $50, or without board for $65 per month. I am paying my hands $65 per month with board for the season. * * * If you want us to come write when you want us, as I can't be there only part of the time, but will furnish an experienced hand that will give good satisfaction when I hain't there."

In answer to this letter the defendants wrote to Hopkins: "We will give you $50 per month and board and washing; will not want only one of you, yourself or your man. * * * You stated in your letter that you couldn't be here only part of the time. If you or your experienced hand comes, and the man we have spoken of in our letter gets so that he can run the factory alone, will it matter to you whether you stay here and work for us all the season or not? If so let us know, and we will make different arrangements."

Hopkins, replying to this letter of the defendants, wrote: "I received your letter and will send an experienced hand for the season, for I have got to hire him for the season or not at all, *to go out there or work for me at home if I come to work for you.* * * * Please let us hear from you by return mail, for the time is short."

No other correspondence was had between the defendants and Hopkins, except that the defendants subsequently wrote to him that they would not want him or want him to furnish them a man, as they had one.

*Held*, that there was nothing in this correspondence between the defendants and Hopkins which indicated any intent on the part of the defendants to authorize Hopkins, as their agent, to employ the plaintiff or any one else for them, or to authorize him in any way to bind them by any contract that he made with the plaintiff; that no such authority was given Hopkins, and that there was no contract between the plaintiff and the defendants.

APPEAL by the defendants, Benjamin R. Gillett and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Otsego on the 9th day of July, 1894, upon the decision of the court rendered after a trial by the court without a jury at the Otsego Circuit.

*R. R. Jelliff*, for the appellants.

*Burr Mattice*, for the respondent.

MARTIN, J.:

The trial court found that on or about April 3, 1893, the plaintiff and defendants entered into a contract whereby the defendants agreed to employ the plaintiff from May 1, 1893, to November 1 1893, and to pay him for his services the price of fifty dollars per month, and to furnish him his board and do his washing during that time, and for a breach of that contract by the defendants the court awarded the plaintiff damages to the amount of $271.38.

The defendants contend that the evidence was wholly insufficient to justify such finding and judgment. It is not pretended that any such contract was ever made by the parties themselves. The only ground upon which it is claimed that this judgment can be sustained is that the defendants authorized one Oscar Hopkins to employ the plaintiff for them, and that he was employed for them by him as their agent. If Hopkins had any such authority it was conferred upon him by the correspondence which passed between the defendants and Hopkins, as the case discloses that the defendants did not see Hopkins until after the time when the contract with the plaintiff was alleged to have been made. Therefore, if Hopkins possessed any such authority we must seek for it in these letters.

On March 31, 1893, the defendants wrote Hopkins: " If you can come and run the factory for us this season write us what you want a month commencing April 25th. Six months, we board you

and do your washing, and, if you can't come, what you can get a man for. * * * If you find a man for us, have *him* write to us what he wants per month for six months." At most this letter asked Hopkins to write the defendants what he would want a month for six months if he could come and run the factory for them, and, if he could not, the inquiry was made as to what he could get a man for. The defendants, however, added that if he found a man for them that he should have him, the man, write them what he wanted for six months. In this letter we find nothing to authorize Hopkins to employ the plaintiff. Clearly the letter was one of simple inquiry. It is true the defendants inquired what he could get them a man for; but they at the same time negatived the idea that Hopkins was to have authority to employ a man for them by stating that if he found one he should have the man write them what he would want a month, clearly intending thereby to provide for further negotiations between the man found and themselves.

In reply to that letter, and on April tenth, Hopkins wrote to the defendants : " I will come out and run the factory for you, or furnish a man, with board and washing for $50, or, without board, for $65 per month. I am paying my hands $65 per month with board for the season. *. * * If you want us to come write when you want us, as I can't be there only part of the time, but will furnish an experienced hand that will give good satisfaction when I hain't there. You meet us at the cars if convenient." In this letter there is no suggestion that Hopkins had, or even thought he had, been given authority to employ any one for the defendants, but its clear purport is that he, Hopkins, would himself engage to do the work for the defendants for the price named, with the understanding that when he could not be there himself he would furnish a satisfactory substitute.

In answer to this letter, and on April fourteenth, the defendants wrote : " We will give you $50 per month and board and washing ; will not want only one of you, yourself or your man." This portion of the letter clearly indicates that the defendants were still negotiating with Hopkins to run their factory personally, or by some person in his employ. But the defendants then add as qualifying what they had already written : " You stated in your letter that you couldn't be here only part of the time. If you or your experienced

hand comes, and the man we have spoken of in our letter gets so that he can run the factory alone, will it matter to you whether you stay here and work for us all the season or not? If so, let us know and we will make different arrangements." This part of the letter was clearly intended to so far qualify the preceding statement as to include the provision that unless the plaintiff was willing to modify the propositions which had been previously made by and between them, to the extent of his consenting not to insist upon staying through the season if the defendants' man got so that he could run the factory alone, the negotiations were to end and the defendants were to make different arrangements.

It is obvious that Hopkins must have so understood the letter. It could have no other meaning. In his letter of April eighteenth he writes: "I received your letter and will send an experienced hand for the season, for I have got to hire him for the season or not at all, *to go out there or work for me at home if I come to work for you*, so I will come with him and stay a week and help get started, free of charge, if you will board me and fetch me back to the cars, and we will be there April 29th, ready to commence. Please let us hear from you by return mail, for the time is short." This letter, like those preceding it, plainly indicates that Hopkins intended either to go there and run the factory himself, or employ some one to run it for him when he was not there, and also shows that he was not disposed to accept the qualification contained in the defendants' last letter, for the reason that he had to hire his man for the season or not at all.

No other correspondence was had between Hopkins and the defendants except that, on April twenty-fourth, the defendants wrote Hopkins to the effect that they would not want him or want him to furnish them a man, as they had one.

Surely, there is nothing in this correspondence which indicates any intent upon the part of the defendants to authorize Hopkins, as their agent, to employ the plaintiff, or any one else, for them, or to authorize him in any way to bind them by any contract that he made with the plaintiff. We are of the opinion that Hopkins had no authority to bind the defendants by the contract he made with the plaintiff, and consequently there was no contract between the

plaintiff and the defendants, and the court erred in so finding and awarding a judgment to the plaintiff.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment reversed on the law and facts and a new trial ordered, with costs to abide the event.